IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARANBIR SINGH, HARPREET SINGH, and NASTEO OMAR,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>IQ DATA INTERNATIONAL, INC.;<br><br>　　　　　　　　Defendant. | No.  22-cv-418<br><br>I.Q. DATA INTERNATIONAL INC.'S NOTICE OF REMOVAL UNDER CAFA<br><br>JURY DEMAND |

TO:　　　ALL PARTIES HEREIN AND TO THEIR RESPECTIVE COUNSEL OF RECORD

AND TO:　　THE CLERK OF THE ABOVE-ENTITLED COURT

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant IQ Data International, Inc., ("IQ Data") by and through its counsel of Gordon & Rees, LLP, hereby files its Notice of Removal of the action styled *Karanbir Singh, Harpreet Singh, and Nasteo Omar v I.Q. Data International, Inc.*, Case Number 20-2-07084-0 SEA, from the Superior Court of the State of Washington in the County of King to the United States District Court for the Western District of Washington on the ground that this Court has diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d),

NOTICE OF REMOVAL - 1
Case No.

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1441(a)-(b), and 1453. In support of removal, I.Q. Data International, Inc. ("IQ Data") states as follows:

## THE STATE COURT ACTION

1. On March 23, 2020, Karanbir Singh and Harpreet Singh filed this action in the Superior Court of the State of Washington in the County of King, styled *Karanbir Singh and Harpreet Singh v. Assurant Recovery Solutions, dba I.Q. Data International, Inc., Gemeni Ridgegate Fee Owner, LLC, and Avenue5 Residential, LLC*. The Initial Complaint contained only individual claims, and no class claims, against Defendants.

2. On January 5, 2021, Plaintiffs filed a First Amended Complaint, adding Nasteho Omar as a Plaintiff and adding allegations for class action damages ("Complaint"). *See* Complaint, attached as Exhibit A. *Karanbir Singh, Harpreet Singh, and Nasteo Omar v. Ridgegate, a Foreign Limited Liability Company, Avenue5, a Foreign Limited Liability Company, Bitter Lake Village Associates, LP, a Washington Limited Partnership, Independent Living Association, LLC A Washington Limited Liability Company, Senior Housing Assistance Group, A Washington Nonprofit Corporation, IQ Data, a Washington for profit corporation*, Case Number 20-2-07084-0 SEA ("State Court Action.").

3. Plaintiffs' Complaint alleges IQ Data and Plaintiffs' former landlords, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*., and the Collection Agency Act, RCW 19.16, ("CAA") pursuant to the Washington Consumer Protection Act ("CPA") for charging the putative class members interest on debt owed from the date they moved out of their apartment.

NOTICE OF REMOVAL - 2
Case No.

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

4. IQ Data is the only remaining defendant in this class action, as all other defendants, Plaintiffs' former landlords, have settled.

5. IQ Data denies all liability and damages, and it denies that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been met.

## GROUNDS FOR REMOVAL

6. The Class Action Fairness Act ("CAFA") creates federal subject matter jurisdiction if three requirements are met: (1) the proposed class has 100 or more members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); and (3) more than $5 million exclusive of interests and costs is in controversy in the aggregate. *See* 28 U.S.C. § 1332(d); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014).

7. The putative class satisfies all the jurisdictional requirements under CAFA based on the allegations in the Complaint, IQ Data's investigation, and the attached declaration.

8. Specifically, (1) this Notice of Removal is timely, (2) the proposed class has over 25,000 members, far more than the requisite 100 or more members; (3) at least one class member is diverse from IQ Data, satisfying minimal diversity; (4) the amount in controversy exceeds the $5,000,000 threshold; and (5) no CAFA exception applies here. *See* 28 U.S. C. § 1332(d).

## REMOVAL IS TIMELY

9. 28 U.S.C.A. § 1446 provides in pertinent part: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal

NOTICE OF REMOVAL - 3
Case No.

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

10. IQ Data received a mediation submission from Plaintiff on March 24, 2022, assessing an amount in controversy far in excess of $5,000,000.

11. March 24, 2022 was the first time Plaintiffs alleged damages in excess of $5,000,000. Plaintiffs calculated Plaintiffs' recoverable actual damages based on interest IQ Data collected to be in excess of $11,000,000 and IQ Data's exposure for emotional distress damages caused to class members to be in excess of $17,000,000.

12. A settlement demand is sufficient to satisfy the jurisdictional threshold for removal. *See Bohn v. Petsmart, Inc.*, 281 F. 3d 837, 840 (9th Cir. 2002) (finding a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117, (9th Cir. 2004); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

13. Therefore, IQ Data's Notice of Removal is timely.

### THE CLASS IS FAR IN EXCESS OF 100 CLASS MEMBERS

14. There are 35,929 members of the FDCPA class.

15. There are 25,990 members of the WCPA class.

16. Therefore the proposed class meets the minimum requirements under CAFA.

### AT LEAST ONE PLAINTIFF IS A CITIZEN OF A DIFFERENT STATE

17. Removal under CAFA requires minimal diversity—i.e., one of the defendants must be diverse from any one of the class members, whether named or unnamed. 28 U.S.C. §

NOTICE OF REMOVAL - 4
Case No.

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1332(d)(2)(A) (diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1332(d)(1)(D) (for purposes of CAFA, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action"); .

18.  There is "minimal diversity" sufficient to support this Court's jurisdiction because at least one of the members of the plaintiff class is a citizen of a state different from IQ Data, which is the only defendant remaining in this action. *See Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 680 (9th Cir. 2006) ("Section 1332(d) thus abandons the complete diversity rule for covered class actions."); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) ("CAFA amends, inter alia, the federal diversity statute, 28 U.S.C. § 1332, and now vests original jurisdiction for class actions in federal court where there is minimal diversity and the amount in controversy exceeds $5,000,000."). The "minimal diversity" requirement is the same for class actions as for "mass actions" under CAFA. *See* 28 U.S.C. §1332(d)(11).

19.  Residency is not equivalent to citizenship, for purposes of determining minimal diversity under CAFA. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). A natural person's state citizenship is determined by her state of domicile, not her state of residence. *Id*. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state for purposes of determining minimal diversity pursuant to CAFA. *Id*.

20.  IQ Data is a corporation organized under the laws of Washington with its principal place of business in Washington.

NOTICE OF REMOVAL - 5
Case No.

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

21. The following classes were certified: CPA Class: All Washington residents who are former tenants of a residential property in Washington on whose account IQ Data collected, on or after January 5, 2017, interest calculated from the tenant's move out date; and FDCPA Class: All Washington residents who are former tenants of a residential property in Washington on whose account IQ Data collected or attempted to collect, on or after January 5, 2020, interest calculated from the tenant's move out date.

22. Plaintiffs have most recently claimed a class size of 35,929 people.

23. While the class is limited to "Washington residents" per the class definitions, the definitions do not exclude non-Washington citizens.

24. While a defendant does not have to explain why it believes the putative class members are citizens of another state (*Ehrman*, 932 F.3d at 1228), discovery in this matter has demonstrated that a number of class members are domiciled outside the state of Washington.

25. Therefore, the minimal diversity requirement under CAFA is satisfied.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

26. The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs.

27. When determining the amount in controversy, courts consider actual damages, treble damages, and statutory attorney fees. *Trepanier v. Progressive Direct Ins. Co.*, No. C12-0987-JCC, 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that mandatory or discretionary attorney fees may be included in the amount in controversy); *Chabner v. United*

NOTICE OF REMOVAL - 6
Case No.

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (noting that authorized treble damages could be taken into account when determining the amount in controversy).

28. Plaintiffs calculated recoverable actual damages based on interest IQ Data collected to be in excess of $11,000,000 and IQ Data's exposure for emotional distress damages caused to class members to be in excess of $17,000,000.

29. Therefore, the $5,000,000 dollar requirement under CAFA has been met.

## THE LOCAL CONTROVERSY EXCEPTION TO CAFA JURISDICTION DOES NOT APPLY

30. CAFA's "local controversy" exception bars federal courts from exercising jurisdiction if: (1) more than two-thirds of the proposed class members are citizens of the forum state; (2) the "principal injuries" resulting from the alleged conduct were incurred in the forum state; (3) no class action asserting similar factual allegations has been filed against any of the defendants in the preceding three years; **and** (4) at least one defendant is a forum-state citizen from whom "significant relief is sought" and whose alleged conduct is a "significant basis" of the claims. *See* § 1332(d)(4)(A).

31. Plaintiffs bears the burden of establishing that an exception to CAFA applies. *Busker v. Wabtec Corp.*, 750 F. App'x 522, 523 (9th Cir. 2018); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

32. The "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), does not apply to this case because during the three-year period preceding the filing of this action, other class actions asserting similar factual allegations have been alleged against IQ Data.

NOTICE OF REMOVAL - 7
Case No.

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

33. Plaintiff filed this class action on January 5, 2021. Within this three-year period, January 5, 2018 to January 5, 2021, IQ Data has been served with several class action lawsuits allegations similar factual allegations.

34. Defendants argue that several class actions filed within the statutory period asserting the same or similar factual allegations.

35. The text of CAFA makes clear that the relevant question is whether the previous class action "asserted the same or similar factual allegations," not whether it was based on the same statute or legal theory. 28 U.S.C. § 1332(d)(4)(A)(ii) (emphasis added); *see also Dutcher v. Matheson*, 840 F.3d 1183, 1191–92 (10th Cir. 2016).

36. In *Esposito v IQ Data*, a class action lawsuit which was pending in the Middle District of Florida, the plaintiffs allege IQ Data attempted to collect interest not permitted by Florida law and in violation of the FDCPA. *See* Case No. 2:18-cv-00437-JES-NPM, Docket #1.

37. In this case, Plaintiffs are claiming IQ Data attempted to collect interest not permitted by Washington law and in violation of the FDCPA.

38. There have been several other class action lawsuits alleging similar allegations.

39. Therefore, the local controversy exception is inapplicable and federal jurisdiction exists under CAFA.

**THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

40. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL - 8
Case No.

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

41. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy is being filed with the Superior Court of the State of Washington in the County of King.

42. If any question arises regarding the propriety of the removal of this action, IQ Data respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (finding the district court improperly deprived defendant of fair opportunity to submit proof that it satisfied CAFA's amount in controversy requirement).

43. In accordance with Local Civil Rule 101(b), a copy of the Operative Complaint is being filed as Exhibit A, a copy of a certificate of service which lists all counsel who have appeared in this action as Exhibit B, and copy of both parties' Jury Demand is attached as Exhibit C. A completed civil cover sheet is being filed contemporaneously.

44. In accordance with 28 U.S.C. § 1446(a), the docket in the State Court Action is attached as Exhibit D. IQ Data will file copies of the pleadings, court orders, and any additional records and proceedings from the State Court Action within 14 days. *See* Local Civil Rule 101(c).

45. No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this notice of removal, and all defenses, affirmative defenses, and rights are reserved.

WHEREFORE, Defendant IQ Data International, Inc. hereby removes the action now pending against it in the King County Washington, and requests that this Court assume and retain full jurisdiction over this action for all further proceedings. IQ Data requests a trial by

NOTICE OF REMOVAL - 9
Case No.

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1 jury.

2 Dated: April 1, 2022

GORDON REES SCULLY
MANSUKHANI, LLP

*s/ Petra N. Ambrose*
Petra N. Ambrose WSBA No.48924
pambrose@grsm.com
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Phone:  (206) 695-5100
*Attorneys for Defendant, IQ Data*
*International, Inc.*

NOTICE OF REMOVAL - 10
Case No.

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## **CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day a true and correct copy of the foregoing document was served on the following by email:

Beth E. Terrell, WSBA #26759
Blythe H. Chandler, WSBA #43387
Elizabeth Adams
TERRELL MARSHALL LAW GROUP, PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Email: bterrell@terrellmarshall.com
Email: bchandler@terrellmarshall.com
Email: eadams@terrellmarshall.com
*Counsel for Plaintiffs*

Sam Leonard, WSBA #46498
LEONARD LAW
3614 California Avenue SW, #151
Seattle, Washington 98116
Email: sam@seattledebtdefense.com
*Counsel for Plaintiffs*

Dated: April 1, 2022

*s/ Kelly Castleberry*
Kelly Castleberry, Legal Assistant.

NOTICE OF REMOVAL - 11
Case No.

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822