THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KARANBIR SINGH, HARPREET SINGH, and
NASTEHO OMAR,

                    Plaintiffs,

          v.

I.Q. DATA INTERNATIONAL, INC., a
Washington for profit corporation,

                    Defendant.

NO. 2:22-cv-00418-RSM

**STIPULATED PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

          Discovery in this action is likely to involve production of confidential, proprietary, or

private information for which special protection may be warranted. Accordingly, the parties

hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer

blanket protection on all disclosures or responses to discovery, the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to

confidential treatment under the applicable legal principles, and it does not presumptively

entitle parties to file confidential information under seal.

2.    <u>"CONFIDENTIAL" MATERIAL</u>

          "Confidential" material shall include documents and tangible things produced or

otherwise exchanged containing:

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1     (1)    Defendant IQ Data's trade secrets or other confidential research,

2  development, or commercial information, including policies, procedures, processes, practices,

3  agreements/contracts, and way and manner of operating the company that gives Defendant its

4  unique competitive advantage; and

5     (2)    Plaintiffs' and Class Members' personally identifying information, *e.g.*

6  social security numbers, addresses, private financial account information, and phone numbers.

7  3.    SCOPE

8     The protections conferred by this agreement cover not only confidential material (as

9  defined above), but also (1) any information copied or extracted from confidential material; (2)

10  all copies, excerpts, summaries, or compilations of confidential material; (3) any testimony,

11  conversations, or presentations by parties or their counsel that might reveal confidential

12  material; and (4) discovery undertaken during the State Court Action captioned *Singh et al., v.*

13  *IQ Data, et al.,* Case No.: 20-2-07084-0 SEA, that qualifies as confidential. However, the

14  protections conferred by this agreement do not cover information that is in the public domain

15  or becomes part of the public domain through trial or otherwise.

16  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

17     4.1    Basic Principles. A receiving party may use confidential material that is disclosed

18  or produced by another party or by a non-party in connection with this case only for

19  prosecuting, defending, or attempting to settle this litigation. Confidential material may be

20  disclosed only to the categories of persons and under the conditions described in this

21  agreement. Confidential material must be stored and maintained by a receiving party at a

22  location and in a secure manner that ensures that access is limited to the persons authorized

23  under this agreement.

24     4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

25  by the court or permitted in writing by the designating party, a receiving party may disclose any

26  confidential material only to:

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material.

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    and proposed order is warranted. During the meet and confer process, the designating party

2    must identify the basis for sealing the specific confidential information at issue, and the filing

3    party shall include this basis in its motion to seal, along with any objection to sealing the

4    information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

5    the standards that will be applied when a party seeks permission from the court to file material

6    under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

7    requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

8    Failure to satisfy this requirement will result in the motion to seal being denied, in accordance

9    with the strong presumption of public access to the Court's files.

10   5.      DESIGNATING PROTECTED MATERIAL

11           5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party

12   or non-party that designates information or items for protection under this agreement must

13   take care to limit any such designation to specific material that qualifies under the appropriate

14   standards. The designating party must designate for protection only those parts of material,

15   documents, items, or oral or written communications that qualify, so that other portions of the

16   material, documents, items, or communications for which protection is not warranted are not

17   swept unjustifiably within the ambit of this agreement.

18           Mass, indiscriminate, or routinized designations are prohibited. Designations that are

19   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

20   unnecessarily encumber or delay the case development process or to impose unnecessary

21   expenses and burdens on other parties) expose the designating party to sanctions.

22           If it comes to a designating party's attention that information or items that it designated

23   for protection do not qualify for protection, the designating party must promptly notify all

24   other parties that it is withdrawing the mistaken designation.

25           5.2     Manner and Timing of Designations. Except as otherwise provided in this

26   agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies

27

STIPULATED PROTECTIVE ORDER - 4
CASE NO. 2:22-cv-00418-RSM

1  for protection under this agreement must be clearly so designated before or when the material

2  is disclosed or produced.

3         (a)    Information in documentary form: (e.g., paper or electronic documents

4  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

5  proceedings) the designating party must affix the word "CONFIDENTIAL" to each page that

6  contains confidential material. If only a portion or portions of the material on a page qualifies

7  for protection, the producing party also must clearly identify the protected portion(s) (e.g., by

8  making appropriate markings in the margins).

9         (b)    Testimony given in deposition or in other pretrial proceedings: the parties

10  and any participating non-parties must identify on the record, during the deposition or other

11  pretrial proceeding, all protected testimony, without prejudice to their right to so designate

12  other testimony after reviewing the transcript. Any party or non-party may, within fifteen days

13  after receiving the transcript of the deposition or other pretrial proceeding, designate portions

14  of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect

15  confidential information at trial, the issue should be addressed during the pre-trial conference.

16         (c)    Other tangible items: the producing party must affix in a prominent place

17  on the exterior of the container or containers in which the information or item is stored the

18  word "CONFIDENTIAL." If only a portion or portions of the information or item warrant

19  protection, the producing party, to the extent practicable, shall identify the protected

20  portion(s).

21    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

22  designate qualified information or items does not, standing alone, waive the designating party's

23  right to secure protection under this agreement for such material. Upon timely correction of a

24  designation, the receiving party must make reasonable efforts to ensure that the material is

25  treated in accordance with the provisions of this agreement.

26

27

STIPULATED PROTECTIVE ORDER - 5
CASE NO. 2:22-cv-00418-RSM

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. The party challenging the designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith within 14 days of the date of service of notice. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). Any such motion must be filed within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The motion must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.

The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

2          If a party is served with a subpoena or a court order issued in other litigation that

3  compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

4  that party must:

5          (a)     promptly notify the designating party in writing and include a copy of the

6  subpoena or court order;

7          (b)     promptly notify in writing the party who caused the subpoena or order to

8  issue in the other litigation that some or all of the material covered by the subpoena or order is

9  subject to this agreement. Such notification shall include a copy of this agreement; and

10         (c)     cooperate with respect to all reasonable procedures sought to be

11 pursued by the designating party whose confidential material may be affected.

12 8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13         If a receiving party learns that, by inadvertence or otherwise, it has disclosed

14 confidential material to any person or in any circumstance not authorized under this

15 agreement, the receiving party must immediately (a) notify in writing the designating party of

16 the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

17 protected material, (c) inform the person or persons to whom unauthorized disclosures were

18 made of all the terms of this agreement, and (d) request that such person or persons execute

19 the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

20 9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

21         When a producing party gives notice to receiving parties that certain inadvertently

22 produced material is subject to a claim of privilege or other protection, the obligations of the

23 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

24 is not intended to modify whatever procedure may be established in an e-discovery order or

25 agreement that provides for production without prior privilege review. The parties agree to the

26 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10.   <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, DATED this 8th day of August, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Blythe H. Chandler, WSBA #43387
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Blythe H. Chandler, WSBA #43387
    Email: bchandler@terrellmarshall.com
    Elizabeth A. Adams, WSBA #49175
    Email: eadams@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

    Sam Leonard, WSBA #46498
    Email: sam@seattledebtdefense.com
    LEONARD LAW PLLC
    6040 California Ave. Ste. C
    Seattle, Washington 98136
    Telephone: (206) 486-1176
    Facsimile: (206) 458-6028

*Attorneys for Plaintiffs and the Certified Class*

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Sean P. Flynn
    Sean P. Flynn, *Admitted pro hac vice*
    Email: sflynn@grsm.com
    701 Fifth Avenue, Suite 2100
    Seattle, Washington 98104
    Telephone: (206) 695-5100
    Facsimile: (206) 689-2822

*Attorneys for Defendant*
*I.Q. Data International, Inc.*

**ORDER**

1

2          PURSUANT TO STIPULATION, IT IS SO ORDERED

3          IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

4   documents in this proceeding shall not, for the purposes of this proceeding or any other federal

5   or state proceeding, constitute a waiver by the producing party of any privilege applicable to

6   those documents, including the attorney-client privilege, attorney work-product protection, or

7   any other privilege or protection recognized by law.

8

9          DATED this 8th day of August, 2022.

10

11

12

13          RICARDO S. MARTINEZ
            CHIEF UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED PROTECTIVE ORDER - 9
CASE NO. 2:22-cv-00418-RSM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the Western District of Washington Superior Court on

_____ in the case of *SINGH v. I.Q. DATA INTERNATIONAL, INC.*, No. 2:22-cv-

00418-RSM. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 10
CASE NO. 2:22-cv-00418-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com