UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARANBIR SINGH, HARPREET SINGH, and NASTEHO OMAR,<br><br>Plaintiffs,<br><br>v.<br><br>IQ DATA, a Washington for profit corporation,<br><br>Defendant. | Case No. C22-418RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

This matter comes before the Court on Plaintiffs' Motion to Remand. Dkt. #4. Plaintiffs move for remand back to King County Superior Court under the home-state controversy exception found in the Class Action Fairness Act ("CAFA") and the discretion afforded to the Court in 28 U.S.C. § 1332(d)(3). Defendant IQ Data opposes. Dkt. #13. The Court has determined that it can rule on this Motion without needing oral argument.

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 1

1334 of this title." 28 U.S.C. § 1452(a).  Typically it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Class Action Fairness Act ("CAFA") creates federal subject matter jurisdiction if three requirements are met: (1) the proposed class has 100 or more members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); and (3) more than $5 million exclusive of interests and costs is in controversy in the aggregate.  *See* 28 U.S.C. § 1332(d); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014).  However, district court "shall decline to exercise jurisdiction" under CAFA when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This provision is known as the "home-state exception" to CAFA. *Brinkley v. Monterey Fin. Servs.*, Inc., 873 F.3d 1118, 1121 (9th Cir. 2017).

Further, "a district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" under CAFA when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(3).  The Court is to consider several factors including: "whether the claims asserted involve matters of national or interstate interest;" "whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;" and "whether the class action has been pleaded in a manner that seeks to avoid Federal

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 2

jurisdiction;" "whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;" and "whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States." *Id.*

"The party seeking remand bears the burden to prove an exception to CAFA's jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).

This is a class action in which Plaintiffs allege that IQ Data violated the Fair Debt Collection Practices Act as well as the Washington Collection Agency Act by collecting interest on underlying amounts Plaintiffs owed their former landlords, upon move out, as well as for improper credit reporting. See Dkt. #1-1. This case was originally filed in King County Superior Court in March of 2020. *See* Dkt. #1-4. Two classes were certified by the state court on November 23, 2021:

> CPA Class: "All Washington residents who are former tenants of a residential property in Washington on whose account IQ Data collected, on or after January 5, 2017, interest calculated from the tenant's move out date."
>
> FDCPA Class: "All Washington residents who are former tenants of a residential property in Washington on whose account IQ Data collected or attempted to collect, on or after January 5, 2020, interest calculated from the tenant's move out date."

*See* Dkt. # 8 at 10.

The April 1, 2022, Notice of Removal states: "(1) this Notice of Removal is timely, (2) the proposed class has over 25,000 members, far more than the requisite 100 or more members; (3) at least one class member is diverse from IQ Data, satisfying minimal diversity; (4) the

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 3

amount in controversy exceeds the $5,000,000 threshold; and (5) no CAFA exception applies here." Dkt. #1 at 3.

In this Motion to Remand, Plaintiffs argue:

> IQ Data is a citizen of Washington State where this action was originally filed. Dkt. #1 at ¶ 20. Every one of the 50,373 people on the class list: (1) moved out of a residential rental property in Washington State; and (2) has a last known address in Washington. Chandler Decl. ¶ 5, Ex. 3. The class list shows by a preponderance of the evidence that at least two-thirds of the class members are citizens of Washington State.

Dkt. #4 at 11 (citing Dkts. #5 and #8). Plaintiffs attach a list of class members with their move-out address and their last known address, both in Washington State.

In Response, IQ Data attacks the citizenship of class members:

> Plaintiffs' "proof" is woefully inadequate. Plaintiffs claim they have met their burden of proof because IQ Data produced the last known address of the class members. This in no way proves (much less under the pro-removal standards that govern this question) that more than two thirds of the class members were citizens of the United States and of Washington when this action was removed. Even putting aside the extremely stale (and off-point) data on which Plaintiffs seek to rely, Congress did not legislate that this exception could be applied based on a person's "residence." Congress knew well the important distinction drawn in the law between "residence" and "citizenship" when it passed CAFA in 2005. Congress, of course, legislates with such consideration in mind and specifically did not provide that residency was the test. Instead, before a Court may abstain from favored CAFA jurisdiction, Congress required a plaintiff – who must bear the burden of proof concerning any exception under CAFA – establish that two-thirds of the putative class were in fact "citizens" of the forum state at the time the action was removed. As discussed herein, "citizenship" of two-thirds of a putative class is a difficult proof, which likely could be met only by a plaintiff in smaller actions covered by CAFA, not sprawling actions like this, involving highly transient groups of people.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 4

Dkt. #13 at 8. IQ Data then says the Court is being invited to "speculate and assume" that over two thirds of the class members are Washington citizens based on old and unreliable addresses. *Id*. To support the opposite conclusion, IQ Data states, *inter alia*:

>    1. "[o]f the 15,239 CPA accounts, 1,094 of the CPA account holders have last known addresses outside of Washington State. This amounts to approximately 7.17%.... As for the FDCPA accounts, approximately 2,317 of the account holders have last known addresses outside of Washington State. This amounts to approximately 7.6%..."
>
>    2. "…the class data spreadsheets IQ Data produced do not include data on state or United States citizenship…. IQ Data believes the class includes non-U.S. citizens and non-Washington citizens."
>
>    3. "Washington State is known to have a growing immigrant population," that 15 percent of Washington are foreign born individuals, and that a "United Van Lines" study indicated that 48.5% of Washington residents moved out of state in 2021."

*Id*. at 11–12.

On Reply, Plaintiffs argue:

> Congress wrote exceptions to the Class Action Fairness Act to "allow truly intrastate class actions to be heard in state court." *Adams v. West Marine Prods., Inc.*, 958 F.3d 1216 (9th Cir. 2020). This is a truly intrastate class action about a Washington collection agency charging Washington consumers allegedly unlawful interest calculated at rates set by a Washington statute.

Dkt. #18 at 5. Plaintiffs go on to cite *Adams* and *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) for Plaintiffs' factual burden:

> "[T]he moving party must provide some facts in evidence from which the district court may make findings regarding class members' citizenship." *Adams*, 958 F.3d at 1221. "Although such a finding must be based on more than mere guesswork, we have repeatedly cautioned that the burden of proof on a plaintiff should not be exceptionally difficult to bear." *Id*. (quoting *Mondragon*, 736 F.3d at 884) (emphasis added). "At a minimum, a person's residence constitutes some evidence of domicile." *Adams*, 958

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 5

> F.3d at 1221. The court "should consider the 'entire record' to determine whether evidence of residency can properly establish citizenship." *Mondragon*, 736 F.3d at 886. "As a general proposition, district courts are permitted to make reasonable inferences from facts in evidence, and that is true in applying the local controversy exception to CAFA, as well." *Id*.

*Id*. at 7. Finally, Plaintiffs address the § 1332(d)(3) factors favoring discretionary remand. *See id.* at 13–15.

    This is a case brought by two classes of Washington State residents alleging violations of Washington State and federal law. It is entirely reasonable for the Court to conclude that two thirds (or just one third) of a list that is 100% composed of residents of Washington State at the time of injury, with a last known address in Washington, a) still reside in Washington and b) are citizens of the state and the United States. This is not speculative or guesswork. Although IQ Data does not have the burden here, it is asking the Court to suspend common sense and to assume that a *substantial* portion of class members left the state or lack citizenship, contrary to what the submitted data demonstrates. Its own briefing indicates that less than 10% of the class provided a last known address out of state and that roughly 15% of Washington state residents are foreign-born individuals. IQ Data attempts through the argument of its attorneys to double or triple those numbers. These arguments ultimately rest on embarrassingly thin analysis and hand-waving. The notion that "48.5% of Washington residents moved out of state in 2021" is particularly ridiculous, and accurately challenged in Plaintiffs' Reply brief. *See* Dkt. #18 at 11–12. The Court further notes that foreign-born individuals can become citizens through naturalization.

    The Court finds that the record demonstrates, by a preponderance of the evidence, that IQ Data and at least two-thirds of the members of the certified class are citizens of Washington. Plaintiffs have satisfied the Ninth Circuit's requirements for evidence of citizenship. The home

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND - 6

state exception to CAFA applies and the Court declines to exercise jurisdiction on that basis. Alternatively, if it could be shown that only one-third of the class are citizens of Washington, the Court would in its discretion remand this case based on the § 1332(d)(3) factors. This case involves the application of Washington state law. There is clearly a distinct nexus with Washington State. There is no reason to believe that Plaintiffs were attempting to avoid federal jurisdiction given that their original complaint included a federal claim.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiffs' Motion to Remand, Dkt. #4, is GRANTED.

2. Plaintiffs' requests for attorneys' fees and costs is DENIED. Given the lengthy discussion above, IQ Data had at least some reasonable basis for removal.

3. This case is hereby REMANDED to King County Superior Court.

4. This matter is now CLOSED.

DATED this 5th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE